# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

<table>
<tr>
<td>

**CHAMBERS OF**
**CHRISTINE P. O'HEARN**
UNITED STATES DISTRICT JUDGE

</td>
<td>

**MITCHELL H. COHEN BUILDING &**
**U.S. COURTHOUSE**
**4TH & COOPER STREETS**
**ROOM 6050**
**CAMDEN, NJ 08101**
**856-757-5167**

</td>
</tr>
</table>

August 24, 2022

VIA CM/ECF
Brian B. Kent
Michael Stewart Ryan
LAFFEY, BUCCI & KENT LLP
1100 Ludlow Street, Suite 301
Philadelphia, PA 19107

Nicholas M. Centrella
CONRAD O'BRIEN
1500 Market Street, Suite 3900
Centre Square, West Tower
Philadelphia, PA 19102-2100

## LETTER ORDER

Re:    **Doe v. Archdiocese of Philadelphia, et al.**
       **Civil Action No. 21-20752**

Dear Counsel:

This matter comes before the Court on a Motion filed by Defendant Archdiocese of Philadelphia ("Defendant" or "AOP") under Federal Rule of Civil Procedure 12(b)(2) seeking to dismiss Plaintiff John Doe's ("Plaintiff") Complaint for lack of personal jurisdiction. (ECF No. 4). Plaintiff filed an opposition, (ECF No. 9), and Defendant replied, (ECF No. 10). The Court did not hear oral argument pursuant to Local Civil Rule 78.1. For the reasons that follow, Defendant's Motion is **GRANTED IN PART** and this matter will be **TRANSFERRED** to the U.S. District Court for the Eastern District of Pennsylvania for further proceedings.

## I.    BACKGROUND

In November 2021, Plaintiff commenced this action by filing a Complaint in the Superior Court of New Jersey, Atlantic County. (Compl., ECF No. 1-2, ¶ 2). Plaintiff's Complaint alleges that he was sexually abused as a minor by William McKenzie ("McKenzie"), a former teacher at Our Lady of Lourdes School in Philadelphia. (ECF No. 1-2, ¶ 3). Plaintiff asserts claims of negligence, including negligent hiring, supervision, and retention against AOP for its alleged failures in hiring and adequately supervising McKenzie. (ECF No. 1, ¶ 3). On December 29, 2021, Defendant removed the matter to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. (ECF

No. 1). Shortly thereafter, Defendant filed the present Motion under Federal Rule of Civil Procedure 12(b)(2) seeking dismissal on the basis that this Court lacks personal jurisdiction over Defendant. (ECF No. 4).

The Court briefly recites the facts relevant to the adjudication of Defendant's Motion. Defendant is an unincorporated ecclesiastical territory of the Roman Catholic Church with its principal place of business in Philadelphia. (ECF No. 1-2, ¶ 2). Our Lady of Lourdes School, also located in Philadelphia, operated at all relevant times within Defendant's ecclesiastical territory and, as such, was subject to Defendant's authority and supervision. (Compl., ECF No. 1-2, ¶ 5). Sometime prior to 1979, Defendant assigned McKenzie to teach seventh and eighth grade at Our Lady of Lourdes School. (ECF No. 1-2, ¶ 3).

Plaintiff transferred to Our Lady of Lourdes School when he was in sixth grade. (ECF No. 1-2, ¶¶ 15,16). From seventh to eighth grade, Plaintiff was one of McKenzie's students. (ECF No. 1-2, ¶ 16). It is around this time that Plaintiff alleges he was repeatedly sexually abused by McKenzie at various locations in Pennsylvania and New Jersey. (ECF No. 1-2, ¶¶ 19–28). More specifically, Plaintiff alleges that on several occasions McKenzie sexually abused Plaintiff at a house in Brigantine, New Jersey. (ECF No. 1-2, ¶¶ 24–26). Plaintiff alleges that McKenzie convinced Plaintiff's mother that the trips to Brigantine were part of Plaintiff's services as an altar boy. (ECF No. 1-2, ¶ 24). During these trips, Plaintiff claims that he was subjected to repeated rape, molestation, and abuse by McKenzie. (ECF No. 1-2, ¶¶ 24–26). As a result, Plaintiff alleges that he suffers from substance abuse, suppression of memories, confusion over his sexuality, inability to maintain healthy relationships, and post-traumatic stress disorder. (ECF No. 1-2, ¶ 34).

Plaintiff, now an adult residing in Idaho, raises three related claims against Defendant: common law negligence; negligent supervision; and negligent hiring and retention. (Compl., ECF No. 1-2).

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) permits a party to move to dismiss a case for lack of personal jurisdiction. FED. R. CIV. P. 12(b)(2). On such a motion, the plaintiff "bears the burden of demonstrating the facts that establish personal jurisdiction." *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). When a court "resolves the jurisdictional issue in the absence of an evidentiary hearing and without the benefit of discovery, the plaintiff need only establish a prima facie case of personal jurisdiction." *Otsuka Pharm. Co. v. Mylan Inc.*, 106 F. Supp. 3d 456, 461 (D.N.J. 2015). In such cases, a court takes "the uncontroverted allegations in the plaintiff's complaint as true and resolve[s] any factual conflicts in the affidavits and other written materials in the plaintiff's favor." *Id.* (internal punctuation and quotations omitted). Still, plaintiff "'bears the burden to prove, by a preponderance of the evidence,' that personal jurisdiction is proper." *Cerciello v. Canale*, 563 F. App'x 924, 925 n.1 (3d Cir. 2014) (quoting *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992)). In assessing personal jurisdiction, "[w]hile disputed issues are construed in favor of the plaintiff, allegations may be contradicted by the defendant through opposing affidavits or other evidence, at which point the plaintiff must respond with 'actual proofs, not mere allegations.'" *Am. Bd. of Internal Med. v. Rushford*, No. 14-06428, 2015

WL 5164791, at *2 (D.N.J. Sept. 2, 2015) (quoting *Patterson v. FBI*, 893 F.2d 595, 603 (3d Cir. 1990)).

### III.   DISCUSSION

Defendant has moved to dismiss Plaintiff's Complaint for lack of personal jurisdiction under Federal Rule 12(b)(2). (ECF No. 4). The Court analyzes first whether it has personal jurisdiction over Defendant, before turning to whether any jurisdictional discovery or a transfer of this matter to another venue would be appropriate. For the reasons that follow, the Court grants Defendant's Motion in part and shall transfer this matter to a proper venue, the U.S. District Court for the Eastern District of Pennsylvania.

### A.  Personal Jurisdiction

Federal courts sitting in diversity generally apply a two-step test to determine whether they may exercise personal jurisdiction over a particular defendant: first, courts must ask whether the relevant state long-arm statutes permit their exercise of jurisdiction; and second, they must ensure that exercising jurisdiction comports with constitutional due process. *Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 172 (D.N.J. 2016) (citing *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 258–59 (3d Cir. 1998)). In New Jersey, however, the first step of this analysis collapses into the second, because the state's long-arm statute extends as far as the Constitution allows. *Id.* The Constitution permits this Court to assert personal jurisdiction over defendants when they have "certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007) (internal quotation marks omitted).

Within that constitutional framework, there are two types of personal jurisdiction: general and specific. *Id.* (citing *Burger King*, 471 U.S. at 472 n.14 (1985)). On the one hand, general jurisdiction permits a court to assert jurisdiction over an individual defendant in *any* matter, regardless of whether the underlying controversy occurred in that forum. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). On the other hand, specific jurisdiction "depends on an affiliatio[n] between the forum and the underlying controversy (i.e., an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation)." *O'Connor*, 496 F.3d at 316 (quoting *Walden v. Fiore*, 571 U.S. 277, 284 n.6 (2014)).

Here, Plaintiff appears to concede—as he should—that the Court cannot assert general jurisdiction over Defendant. General jurisdiction is only appropriate when a defendant's contacts with a forum state are "so continuous and systematic as to render them essentially at home in the forum state." *Goodyear*, 564 U.S. at 919. For entities like Defendant, this refers to (1) their states of incorporation and (2) their principal places of business. *See Display Works*, 182 F. Supp. 3d at 173.[1] Only in "exceptional cases" where "a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a

---

[1] Although not relevant here, that Court notes that general jurisdiction can also be obtained through consent, waiver, or in-state service on an individual defendant. *See Granum v. Williams*, No. 21-20230, 2022 WL 2974755, at *1 (D.N.J. July 22, 2022) (collecting cases).

nature as to render the corporation at home in that State." *Id.* (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 139 n.19 (2014)). This is clearly not the case here; Defendant's ecclesiastical home is in Pennsylvania, not New Jersey, and an exercise of general jurisdiction would thus be inappropriate.

As for specific jurisdiction, courts in this Circuit employ a three-part test before asserting it over a particular defendant. *O'Connor*, 496 F.3d at 317. First, courts ask whether the defendant must have "purposefully directed [its] activities at the forum." *Id.* (internal quotations omitted). Second, they consider whether the plaintiff's claims "arise out of or relate to at least one of those activities." *Id.* (internal quotations omitted). Finally, if the first two requirements are met, courts ensure that the exercise of jurisdiction "otherwise comport[s] with fair play and substantial justice." *Id.* (internal quotations omitted). For the reasons that follow, Plaintiff cannot pass the specific-jurisdiction test either.

*First*, Plaintiff has not sufficiently alleged that Defendant purposefully directed its activities at New Jersey. On this issue, Plaintiff alleges that Defendant "systematically transferred predator priests and other employee-agents between parishes, and also transferred priests in its employ to and from the State of New Jersey." (Pla.'s Br., ECF No. 9 at 1; Compl., ECF No. 1-2, ¶¶ 45–46). Plaintiff further alleges that Defendant "knew that predator priests and other employee-agents transported children to the State of New Jersey for the purpose of sexual abuse." (ECF No. 9 at 2; Compl., ECF No. 1-2, ¶¶ 45–46). However, allegations nearly identical to these have been found to be insufficient for purposes of establishing personal jurisdiction over Defendant, most recently in a case in this Court with regrettably similar facts to those here. *Doe v. Archdiocese of Phila. ("Doe I")*, No. 19-20934, 2020 WL 3410917, at *4 (D.N.J. June 22, 2020). Like the plaintiff in *Doe I*, Plaintiff here does not sufficiently allege that Defendant's supervisory duties "intentionally target[ed] New Jersey," nor does Plaintiff allege that the employment and assignment decisions made by Defendant "took place in New Jersey or were carried out in New Jersey." 2020 WL 3410917, at *3. Plaintiff also does not allege that Defendant "directed [McKenzie,] in his capacity as a [teacher], to conduct [school-related] activities in New Jersey, or to take Plaintiff to New Jersey for any purpose." *Id.* Moreover, because "foreseeability alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause," Defendant's alleged knowledge of McKenzie's conduct, without more, is insufficient to establish personal jurisdiction. *Id.* (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980)). Accordingly, Plaintiff has not established that Defendant purposefully directed its activities at New Jersey.

*Second*, to the extent Defendant had contacts with New Jersey, the Court finds that Plaintiff's claims do not "arise out of or relate to" such contacts. *O'Connor*, 496 F.3d at 317. A cause of action "arises out of" a contact if two requirements are satisfied: first, "but-for" the activity, the litigation would not have arisen, and second, the jurisdictional exposure resulting from a contact must be closely tailored to the contact's substantive obligations." *Doe I*, 2020 WL 3410917, at *4 (quoting *O'Connor*, 496 F.3d at 323). Here, although Plaintiff alleges that Defendant transferred known pedophiles to and from New Jersey and that Defendant had previously owned real property in New Jersey, these alleged connections are not related to Plaintiff's claims. As in *Doe I*, Plaintiff "does not allege [that] a transfer of [McKenzie] by the Archdiocese to or from New Jersey resulted in the alleged sexual abuse detailed in the Complaint," nor do Plaintiff's claims "arise out of Defendant's alleged transfer of pedophile priests to New

Jersey or acceptance of pedophile priests from New Jersey." *Id*. Moreover, Plaintiff fails to allege that Defendant's alleged purchase or ownership of properties in New Jersey are connected to the claims raised in the Plaintiff's Complaint. *Id*. Thus, Plaintiff has not established that his claims "arise out of or relate to" Defendant's contacts with New Jersey.

*Finally*, an exercise of jurisdiction here does not "otherwise comport[s] with fair play and substantial justice." *O'Connor*, 496 F.3d at 317. The Court declines to extend specific jurisdiction over Defendant under an agency theory of liability. On this issue, Plaintiff argues that this Court's exercise of specific jurisdiction over Defendant is proper because McKenzie was acting as an agent of Defendant when he allegedly sexually abused Plaintiff in New Jersey. (Pla.'s Br., ECF No. 9 at 11–14). In that regard, Plaintiff heavily relies upon *Hardwicke v. American Boychoir School*, 188 N.J. 69 (2006), a case in which the Supreme Court of New Jersey held that a school could be liable under agency principles for sexual abuse of a student. However, as Defendant correctly notes, (Def.'s Br., ECF No. 10 at 10), *Hardwicke* did not involve any dispute related to personal jurisdiction. Further, simply alleging an agency relationship or basis for liability does not change the minimum-contacts analysis required by the Due Process Clause and does not by itself establish specific personal jurisdiction over the organization. *See, e.g.*, *Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558, 562–63 (8th Cir. 2003) ("Whether the Diocese could be held vicariously liable for Father Murray's conduct is irrelevant to the issue of personal jurisdiction. The question, again, is whether the Diocese, based solely on its activity as the Diocese . . . should reasonably expect to be haled into court in Nebraska."). Indeed, in *Doe I*, the Court observed that the plaintiff's agency theory of liability could not alone support the exercise specific personal jurisdiction over the AOP because the plaintiff failed to allege that the AOP directed its priest to abuse the plaintiff or to take the plaintiff into New Jersey. *Id.* (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)) ("The unilateral activity of a third party cannot satisfy the requirement that Defendant have minimum contacts with the forum state."). Similarly, here, Plaintiff has failed to set forth any allegations that Defendant directed McKenzie to abuse Plaintiff or to take Plaintiff into New Jersey. Therefore, the agency theory does not supply a reason consistent with fair play and substantial justice for this Court to assert specific jurisdiction over Defendant.

Accordingly, the Court finds that Plaintiff has failed to establish that Defendant's alleged contacts with New Jersey establish the minimum contacts necessary to support specific jurisdiction in this case. The Court thus lacks either general or specific jurisdiction over Defendant.

### B. Jurisdictional Discovery or Transfer

Having found that it lacks the authority to assert general or specific personal jurisdiction over Defendant, before dismissing the case, the Court considers whether (1) jurisdictional discovery and leave to amend; or (2) a transfer to a proper venue can cure the constitutional infirmity. For the reasons that follow, the Court elects the latter course.

#### 1. Jurisdictional Discovery

Plaintiff argues that the Court should grant discovery limited to the jurisdictional issues and Defendant's contacts with New Jersey to determine whether, with amendments to his Complaint, jurisdiction may be proper. A grant of jurisdictional discovery lies within a district

court's discretion, guided by the relevant legal standards. *SoftwareArt Corp. v. Satyajit Gopalakrishnan*, No. 07-04755, 2008 WL 2876395, at \*3 (D.N.J. July 22, 2008) (citing *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997)). Although the Court has given deference to Plaintiff's allegations, they contain no suggestion that further inquiry or discovery would be fruitful. Specifically, the Court finds that Plaintiff's allegations and accompanying exhibits do not "suggest with reasonable particularity the possible existence of the requisite contacts" between Defendant, the alleged sexual abuse, and the forum State of New Jersey. Because any discovery and amendment exercise would be futile, the Court denies plaintiff's request for jurisdictional discovery. *See Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003); *Doe I*, 2020 WL 3410917, at \*5 n.3 ("To the extent that Plaintiff has any supporting evidence to show the requisite New Jersey contacts on Defendant's part, he must present it on this motion with certifications and the alike. . . . Amending the pleadings pursuant to Rule 15(a), on the other hand, concerns only the allegations with respect to Plaintiff's underlying claims, not jurisdictional facts. As such, Plaintiff's request for leave to amend is denied.").

## 2. Transfer to Proper Venue

Rather than dismiss Plaintiff's Complaint or grant Plaintiff discovery and leave to amend, the Court may instead consider transferring this matter to a proper venue pursuant to 28 U.S.C. § 1406(a). *E.g.*, *Doe I*, 2020 WL 3410917, at \*5. Under § 1406(a), when a case is filed in an improper venue, the district court hearing the case "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Because dismissal "is considered to be a harsh remedy," transferring a case to "another district in which the action could originally have been brought, is the preferred remedy." *Doe I*, 2020 WL 3410917, at \*5 (quoting *NCR Credit Corp. v. Ye Seekers Horizon*, 17 F. Supp. 2d 317, 319 (D.N.J. 1998)). Here, as in *Doe I*, the Court finds that venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. §§ 1391(b)(1)–(2), because "Defendant's principal place of business is in that district and a 'substantial part of the events or omissions giving rise to the claim occurred' in that district." *Doe*, 2020 WL 3410917, at \*5 (citing 28 U.S.C. §§ 1391(b)(1)–(2)). Accordingly, the Court shall transfer this matter there.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss, (ECF No. 4), is **GRANTED IN PART**. In lieu of dismissal, this matter shall be **TRANSFERRED** to the U.S. District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1406.

**SO ORDERED**.

_____
**CHRISTINE P. O'HEARN**
**UNITED STATES DISTRICT JUDGE**